United States District Court
Southern District of Texas
**ENTERED**
December 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS HACKETT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-1817 |
| | § | |
| UNITED PARCEL SERVICE, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant United Parcel Service's ("UPS") partial motion to dismiss plaintiff Marcus Hackett's complaint for failure to state a claim. Dkt. 6. After considering the motion, amended complaint (Dkt. 9), answer to amended complaint (Dkt. 12), and applicable law, the court is of the opinion that the partial motion to dismiss should be GRANTED IN PART, and DENIED IN PART.

**I. LEGAL STANDARD**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007). In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, plaintiff's claims should not be dismissed. *Id.* at 555–56.

## II. B<small>ACKGROUND</small> & A<small>NALYSIS</small>

On June 23, 2016, Hackett filed his complaint against UPS alleging discrimination based on age, national origin, religion, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA). Dkt. 1. On September 16, 2016, UPS filed a partial motion to dismiss for failure to state a claim (Dkt. 6) and its answer (Dkt. 7). On October 7, 2016, Hackett filed his amended complaint. Dkt. 9. On October 20, 2016, UPS filed its answer to Hackett's amended complaint. Dkt. 12. In its partial motion to dismiss, UPS alleges three different grounds in which the court should grant a motion to dismiss. The court will consider UPS's arguments *in seriatim.*

First, UPS alleges that Hackett's Title VII and ADEA claims are time-barred because an individual must file a charge of discrimination within 300 days of an alleged unlawful employment practice. Dkt. 6; 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1). On February 27, 2014, Hackett filed his initial charge with the Equal Employment Opportunity Commission. Dkt. 6, Ex. 1; Dkt. 9 at 4. Thus any claims that accrued more than 300 days prior to February 27, 2014, are untimely. Dkt. 6. Hackett acknowledged the 300-day window in his amended complaint and said he is "making it clear that he is not now nor has he ever asserted that any events occurring before May 3, 2013, are part of his claims, other than a necessary chronology of events." Dkt. 9 at 2. In UPS's

brief in support of its partial motion to dismiss, it argued that failure to state a claim can be "granted as to **all** of his alleged claims." Dkt. 6 at 2. The court finds such over-breadth unwarranted. In this case, the court finds that any claims that occurred before May 3, 2013, would be untimely. This includes Hackett's 2012 retaliation claim where he alleged he was re-assigned after complaining to his employer about discrimination. Dkt. 9 at 4 (paragraph 4.5 of Hackett's Am. Compl.). Claims that accrued after May 3, 2013, such as Hackett's alleged demotion and failure to promote claims are timely. Accordingly, UPS's motion to dismiss untimely claims is GRANTED IN PART and DENIED IN PART. Hackett's 2012 retaliation claim is DISMISSED.

Second, UPS alleges that Hackett failed to allege facts sufficient to state a claim for national origin or religious discrimination based on two comments from Hackett's supervisors. Dkt. 6 at 6–7. UPS also argues that Hackett failed to tie these allegations to his alleged demotion or failure-to-promote claims. *Id.* At the pleading stage, a plaintiff need only allege enough facts to plausibly suggest that his employer discriminated against him due to his membership in a protected group, and not a *prima facie* case of employment discrimination.[1] *Twombly*, 550 at 556; *Johnson v. Alice Indep. Sch. Dist.*, No. C-12-170, 2012 WL 4068678, at *3 (S.D. Tex. Sept. 14, 2014) (Ramos, J.).

In Hackett's amended complaint, he argues that "after engaging in protected activity Defendant took an adverse action against Plaintiff and replaced him with someone of a different class." Dkt. 9 at 4. Hackett attributed his lack of promotion to comments his employer made about his accent, religious affiliation, and ties to slavery. *Id.* The court finds that at the pleading stage,

---

[1] "To establish a prima facie case of religious discrimination under Title VII, the plaintiff must present evidence that (1) she held a bona fide religious belief, (2) her belief conflicted with a requirement of her employment, (3) her employer was informed of her belief, and (4) she suffered an adverse employment action for failing to comply with the conflicting employment requirement." *Tagore v. United States*, 735 F.3d 324, 329 (5th Cir. 2013) (citing *Bruff v. N. Miss. Health Servs., Inc.*, 244 F.3d 495, 499 n.9 (5th Cir. 2001)).

Hackett has stated sufficient facts to survive a motion to dismiss. Accordingly, the motion is DENIED as to the national origin and religious discrimination claims.

Third, UPS argues that Hackett seeks relief for compensatory and punitive damages, which are not available under the ADEA, but are available under Title VII. Dkt. 6 at 8–9; *Dean v. Am. Sec. Ins. Co.*, 559 F.2d 1036, 1038 (5th Cir. 1977) (rejecting a claim for general damages, punitive damages, and damages for pain and suffering in a private action brought under the ADEA). While UPS cites to various court cases that denied relief for pain and suffering and punitive damages under the ADEA, it did not include any legal authority regarding compensatory damages. Dkt. 6 at 9. In his amended complaint, Hackett seeks relief for damages to his reputation, for humiliation and embarrassment, and for loss of income. Dkt. 9 at 5. The court finds that UPS's motion to dismiss should be GRANTED IN PART as to the ADEA claim seeking relief for pain and suffering and for punitive damages. To the extent the claim seeks damages for pain and suffering and for punitive damages under the ADEA, that claim is DISMISSED.

### III. CONCLUSION

The court finds that UPS's partial motion to dismiss should be DENIED IN PART as to the national origin and religious discrimination claims and GRANTED IN PART as to the timeliness of the claims and types of relief sought under the ADEA.

It is so ORDERED.

Signed at Houston, Texas on December 20, 2016.

_____
Gray H. Miller
United States District Judge